# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTA SCONIERS,<br><br>        Plaintiff,<br><br>    v.<br><br>M. BRUCE SMITH, et al.,<br><br>        Defendants. | CASE NO. 1:10-cv-01130-AWI-SMS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF COMPLAINT WITH PREJUDICE AND DENIAL AS MOOT OF MOTIONS TO ISSUE SUMMONSES AND TO APPOINT COUNSEL<br><br>(Docs. 1, 2, & 3) |

      Proceeding pro se, Plaintiff Janetta Sconiers filed a complaint pursuant to 42 U.S.C. § 1983 and simultaneously moved for an orders appointing counsel and directing the Clerk of Court to issue summonses.  This matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.  Because this Court lacks subject matter jurisdiction over the issues raised in the complaint, the undersigned recommends that the Court dismiss this case with prejudice.

**I.    Procedural and Factual Background**

      Plaintiff's complaint in this action is yet another chapter in her ongoing battle with her siblings and other heirs over the estate of Plaintiff's mother, Rosie Lee Sconiers.  Plaintiff's first complaint in this series, filed September 2, 2008, was *Janetta Sconiers v. Clarence Whitmore, Sr.* (1:08-cv-01288-LJO-SMS) ("*Sconiers I*").  Following screening which revealed various legal deficiencies in Plaintiff's complaint in *Sconiers I*, this Court filed findings and recommendations on December 1, 2008, recommending that the District Court dismiss the complaint in part

///

without leave to amend and in part with leave to amend.  Plaintiff was granted thirty days to file objections to the findings and recommendations.

On February 3, 2009, Plaintiff filed a document entitled "Objections to Magistrate Judge Findings and Recommendations," in which she moved for leave to file an amended complaint, for a temporary restraining order, for a writ of mandate, and for an order to show cause re: preliminary injunction.  Thereafter, without having received permission to amend, Plaintiff filed an amended complaint and a motion for a temporary restraining order.

On February 10, 2009, the District Court denied Plaintiff's motion to file an amended complaint, instead adopting the magistrate judge's findings and recommendations, which permitted Plaintiff to file an amended complaint within thirty days, but only in compliance with the findings and recommendations, including the dismissal of certain claims without leave to amend.  Plaintiff did not file a complying amended complaint, but instead, on March 5, 2009, appealed to the Ninth Circuit Court of Appeals.

On March 19, 2009, the magistrate judge filed findings and recommendations recommending that the action be dismissed for Plaintiff's failure to follow a court order, to file an amended complaint, and to prosecute the case.  On April 16, 2009, the district court adopted the findings and recommendations, and dismissed the case without leave to amend.  The clerk entered a judgment of dismissal.

Thereafter, the district court was advised that Plaintiff had filed objections to the findings and recommendations and had again attempted to file an amended complaint on April 14, 2009. Accordingly, on April 17, 2009, the district court issued an addendum to its order adopting the findings and recommendations in which it found that Plaintiff's attempt to file an amended complaint was untimely and reaffirmed its dismissal order.

Although none of Plaintiff's cases clearly alleges it, the probate dispute appears to have been tried in Fresno County Superior Court in or about September 2009.  In both federal actions, Plaintiff alleged that the California court denied her the right to file many legal documents at about the same time as the trial appears to have been underway and contended that rulings by the probate judge and decisions of the probate clerk violated the United States Constitution and

constituted torts under California law.  Although Plaintiff refers to herself as having been labeled a vexatious litigant, she does not allege the timing or circumstances of the state court's order declaring her a vexatious litigant.   Apparently, the probate case was appealed to the California Court of Appeal, which remanded certain matters, also not clearly alleged in Plaintiff's complaint, to the probate court.

While the appeal of *Sconiers I* was still pending, Plaintiff filed a second complaint, *Sconiers v. Whitmore (1:09-cv-02168-OWW-SKO) ("Sconiers II),* on December 14, 2009, re-alleging many of her claims against Rosie Lee Sconier's heirs and alleging civil rights violations against various state court personnel and attorneys involved in the underlying probate action.

On January 21, 2010, the Ninth Circuit summarily affirmed the district court's judgment in *Sconiers I*, stating "A review of the record and response to the order to show cause indicates that the questions raised in this appeal are so insubstantial as not to require further argument." *Sconiers v. Whitmore* at *1 (9th Cir. January 21, 2010)(No. 09-16041).

The District Court dismissed *Sconiers II* with prejudice on April 21, 2010, concluding that the federal courts lacked subject matter jurisdiction to interfere in an ongoing action in state probate court.  On May 21, 2010, Plaintiff filed an appeal in the Ninth Circuit Court of Appeals.

Plaintiff filed this action ("*Sconiers III")* on June 23, 2010, alleging various violations of the United States Constitution and of state tort law arising out of the underlying probate action. She named as defendants state judges (M. Bruce Smith, Donald S. Black, Hilliary Chittick, Don Penner, W. Kent Hamlin, Deborah Kazanjian, and James Ardiaz), judicial council members (Ronald M. George and William C. Vickrey), the Clerk of the California Superior Court for Fresno County (Tamara Beard), lawyers and law firms (Coleman & Horowitt, William Coleman, Darryl Horowitt, Bonnie Anderson, Steven R. Hrdlicka, the Law Firm of Steven R. Hrdlicka, and J. Stanley Teixera), executor of the Estate of Rosie Sconiers (Plaintiff's sister, Frankie Sconiers Freitas) and Mario Santos, whose role is unclear.

The Ninth Circuit dismissed *Sconiers II* on July 8, 2010, for Plaintiff's failure to respond to a court order.

///

3

## II. Screening

*Sconiers III* seeks declaratory and injunctive relief, damages and other relief for alleged civil rights violations arising in the course of the underlying probate dispute. The fifteen-count complaint is 82 pages long and names 19 defendants as well as fifty "John Does." Because its allegations appeared to be re-formulations of many of Plaintiff's claims in *Sconiers II*, which was then pending before the Ninth Circuit, the complaint was referred to this Court for review.[1]

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). Accordingly, this Court screens all complaints filed by plaintiffs *in propria persona* to ensure that the action is not frivolous or malicious, that the actions states a claim upon which relief may be granted, and that the complaint does not seek monetary relief from a defendant who is immune from such relief.

## III. Abstention and Lack of Subject Matter Jurisdiction

This case arises from alleged procedural improprieties in the course of the probate court's administration of Rosie Lee Sconier's 1999 will. The state court's adjudication of related probate matters is the source of Plaintiff's numerous allegations relating to the state court's conduct of the probate proceedings, including but not limited to the filing (or refusal to file) of documents in state court, the admission of evidence into the probate proceedings, and the declaration that Plaintiff was a vexatious litigant under California state law.

Although the complaint is less than clear on the status of the California proceedings, it appears that Plaintiff appealed the probate matter in the California courts and that the California appellate court has denied some portions of Plaintiff's state appeal and remanded others. Accordingly, abstention is appropriate, and the federal court should decline to exercise jurisdiction over matters that have been or will be addressed in state court.

---

[1] For a fuller understanding of the prior federal actions and of the underlying probate dispute, the Court takes judicial notice of the court's records in *Sconiers I* and *Sconiers II*. Fed.R.Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir.), *cert. denied*, 454 U.S. 1126 (1981).

Absent extraordinary circumstances, federal courts should refrain from interfering in a pending state court proceeding. *Younger v. Harris,* 401 U.S. 37, 49-53 (1971); *Poulos v. Caesar's World, Inc.*, 379 F.3d 654, 669 n. 4 (9th Cir. 2004). Federal courts must abstain and dismiss the federal action if (1) state proceedings are ongoing, (2) the proceedings implicate important state interests, and (3) the state proceedings provide an adequate opportunity to raise federal questions. *Wiener v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994). Ongoing state proceedings include probate actions. *Snyder v. Altman*, 444 F.Supp. 1269, 1271 (C.D.Cal. 1978).

The state has a important interest in governing family relationships and settling distribution of decedents' estates within its jurisdiction. *Snyder*, 444 F.Supp. at 1271. Important state interests such as probate, trusts, estates and property rights justify abstention as interests that the Constitution and tradition primarily assign to the individual states and that implicate the states' functions as self-governing sovereigns. *See Harper v. Public Service Comm'n of West Virginia*, 396 F.3d 348, 352-53 (4th Cir. 2005), and the cases summarized therein. Simply put, Plaintiff may not use a federal district court as a means to overcome or set aside questions integral to California courts' civil procedure simply because its appellate court has failed or refused to rule as Plaintiff wished or that the California courts are failing to address pending issues as quickly as Plaintiff would like.

Federal constitutional claims may be raised in California probate proceedings. *See* California Probate Code § 800. In the absence of unambiguous authority to the contrary, a state court is presumed to be an adequate forum in which to raise federal claims. *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). According to the complaint, Plaintiff actively participated in the the probate proceedings giving rise to her procedural contentions and appealed determinations with which she did not agree to the California appellate court. In light of the presumption and the allegations of the complaint, and assuming Plaintiff's compliance with applicable law and rules of procedure and evidence, Plaintiff has had and will continue to have full and fair opportunity to litigate her claims in state court.

///

1    Settlement and distribution of decedents' estates and the right to succeed to the ownership
2 or realty and personality are peculiarly matters of state law. *Harris v. Zion Savings Bank & Trust*
3 *Co.*, 317 U.S. 447, 450 (1943). Federal courts have no probate jurisdiction, even in diversity
4 cases, and have diligently refrained from interfering with the states' probate jurisdiction. *Id.*; *see*
5 *also United States v. Security-First Nat'l Bank of Los Angeles*, 130 F.Supp. 521, 524 (S.D.Cal.
6 1955) (dismissing a case in which the government sought to adjudicate its claims on a decedent's
7 estate in federal district court). Review of procedural matters, such as the state court's
8 determinations of Plaintiff's status as a vexatious litigant, admissibility of specific evidence,
9 filing of evidential or argumentative documents in the course of the state probate proceeding,
10 which Plaintiff contends violated federal rights are also properly addressed in the context of her
11 state appeal of the probate court's decisions and rulings, and must be addressed by California's
12 appellate courts.
13    Ultimately, appellate jurisdiction of state court judgments rests in the United States
14 Supreme Court, not in the federal district court. 28 U.S.C. § 1257. A federal district court lacks
15 subject matter jurisdiction to hear an appeal of a state court judgment (the Rooker-Feldman
16 Doctrine). *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v.*
17 *Fidelity Trust Co.*, 263 U.S. 413 (1923). *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 896 (9th Cir.
18 2003), *cert. denied*, 540 U.S. 1213 (2004). A federal complaint must be dismissed for lack of
19 subject matter jurisdiction if the claims raised in the complaint are inextricably intertwined with
20 the state court's decisions so that adjudication of the federal claims would undercut the state
21 ruling or require the district court to interpret the application of state laws or procedural rules.
22 *Bianchi*, 334 F.3d at 898. Put another way, a claim is inextricably intertwined with a state court
23 judgment if the federal claim succeeds only to the extent that the state court wrongly decided the
24 issues before it or if the relief requested in the federal action would effectively reverse the state
25 court's decision or void its ruling. *Fontana Empire Center, LLC v. City of Fontana*, 307 F.3d
26 987, 992 (9th Cir. 2002). The Rooker-Feldman Doctrine applies to federal "cases brought by
27 state-court losers complaining of injuries caused by state-court judgments rendered before the
28 ///

district court proceedings and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

Plaintiff's complaint seeks review of determinations made in the course of the state probate action, in matters intertwined with it, and in its review by the appellate division. This Court lacks jurisdiction to conduct such a review. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claimed violations of constitutional and other federally protected rights in connection with the state court's adjudication of claims on Rosie Lee Sconier's probate estate. Plaintiff's complaint must be dismissed.

## VI. Conclusion

The undersigned **HEREBY RECOMMENDS** that this case be dismissed with prejudice and Plaintiff's motions for orders directing the Clerk of Court to issue summonses relating to the complaint in this action and appointing counsel be denied as moot.

These findings and recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 13, 2010**               /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE