# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTA SCONIERS, | CASE NO. 1:10-cv-01130-AWI-SMS |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR A NEW TRIAL, AMENDMENT OF JUDGMENT, OR RECONSIDERATION** |
| v. | |
| M. BRUCE SMITH, et al., | |
| Defendants. | (Doc. 9) |

On August 23, 2010, the Court dismissed with prejudice Plaintiff's third complaint seeking to involve the federal courts in California's administration of the probate of her mother's estate. The Court determined that it lacked jurisdiction over Plaintiff's claims. Thereafter, Plaintiff timely moved for amendment of judgment or a new trial pursuant to F.R.Civ.P. 59(a) or 59(e), and for reconsideration pursuant to F.R.Civ.P. 60(b)-(d). Plaintiff's motion lacks merit.

Federal Rule of Civil Procedure 59(a) permits a court to grant a new trial on some or all issues in legal or equitable actions. This rule has no application to this case, in which Plaintiff's claims were dismissed for lack of federal jurisdiction, and no trial occurred.

Federal Rule of Civil Procedure 59(e) sets forth the time period in which a party may move to alter or amend a judgment: it provides no substantive framework for altering or amending a judgment.

///

1

1    Plaintiff alleges no factual basis for finding mistake, inadvertence, surprise, or excusable

2  neglect justifying relief from judgment.  F.R.Civ.P. 60 (b)(1).  Because this Court lacks

3  jurisdiction over Plaintiff's claims, newly discovered evidence would be irrelevant, even if

4  Plaintiff had any to offer.  F.R.Civ.P. 60 (b)(2).   No adverse party having been involved in the

5  Court's dismissing Plaintiff's case for lack of federal jurisdiction, the judgment could not have

6  resulted from an adverse party's fraud.  F.R.Civ.P. 60 (b)(3).  Nor does Plaintiff argue any basis

7  for setting the judgment aside under F.R.Civ.P. 60 (b)(4), (5), or (6).

8    Federal Rule of Civil Procedure 60(c) (addressing the timing and effect of the motion for

9  relief) and 60(d) (articulating the Court's powers to grant relief) do not provide a basis for

10  Plaintiff's motion either.

11    Accordingly, the undersigned **HEREBY RECOMMENDS** that the Plaintiff's motion for

12  reconsideration or amendment of the judgment be denied.

13    These findings and recommendations are submitted to the Honorable Anthony W. Ishii,

14  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and

15  Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District

16  of California.  Within fourteen (14) days after being served with a copy, Plaintiff may file written

17  objections with the court.  Such a document should be captioned "Objections to Magistrate

18  Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's

19  ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections

20  within the specified time may waive the right to appeal the District Court's order.  *Martinez v.*

21  *Ylst*, 951 F.2d 1153 (9th Cir. 1991).

22

23

24

25  IT IS SO ORDERED.

26  **Dated:    January 26, 2011**                   **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE
27

28